IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SANTONIO TURNER                                                             PETITIONER

v.                              NO. 5:14CV00085 JLH/HDY

RAY HOBBS, Director of the                                                  RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

On November 4, 2003, petitioner Santonio Turner ("Turner") was convicted in an Arkansas state trial court of three criminal offenses and sentenced to the custody of respondent Ray Hobbs ("Hobbs"). Turner appealed his convictions, but the Arkansas Court of Appeals found no reversible error and affirmed his convictions. See Turner v. State, 2005 WL 605592 (Ark.App. 2005). On April 5, 2005, the state Court of Appeals issued the mandate in his appeal.

On August 20, 2013, Turner filed a state petition for writ of habeas corpus. The petition was denied on November 20, 2013. The record is silent as to whether he appealed the denial of his petition.

On January 30, 2014, Turner filed the petition at bar pursuant to 28 U.S.C. 2254 and advanced four claims. His first claim was a challenge to his mental capacity at the time he committed the criminal offenses. His second claim was his assertion that the process used to determine his mental competency fell below constitutionally accepted standards. His third claim was his assertion that his attorney "failed to preserve claims needed on direct appeal." See Document 2 at 8. Turner last maintained that he was denied his right to a trial by jury when his attorney improperly waived a jury trial. As to whether his petition is timely, he alleged the following: "This federal habeas petition is to [be] deemed as timely due to … such … being filed during the time … from May 28, 2013, [to] May 28, 2014 …" See Document 2 at 14.

Hobbs responded to Turner's petition by filing the pending motion to dismiss. See Document 6. Hobbs maintained that Turner's petition should be dismissed because it is barred by limitations.[1]

Turner thereafter filed a response to Hobbs' motion to dismiss. In the response, Turner acknowledged that he filed his petition more than seven years after his convictions were affirmed but maintained that the petition should nevertheless be considered. He so maintained primarily for two reasons. First, he maintained that he filed his petition within one year of the United States Supreme Court decision in Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, 185 L.E.2d 1044 (2013), a decision in which he maintained the Supreme Court first recognized "ineffective assistance of counsel at the post-conviction stage, or the lack of counsel at that stage, as an excuse for failing to file a timely petition ..." See Document 13 at 1-2. Second, he maintained that he suffered from a mental defect for several years and received "strong therapeutic (psychopathic) drugs and treatment." See Document 13 at 3. He maintained that he only recently became lucid and able to file a petition pursuant to 28 U.S.C. 2254.

---

[1]

Hobbs specifically maintained the following:

    All of the grounds for relief in Turner's petition are time-barred pursuant to 28 U.S.C. 2244(d)(1), because he did not file his federal habeas petition within one year of the date that his conviction became final. ... Turner also did not file any application for state post-conviction relief that would entitle him to statutory tolling under 28 U.S.C. 2244(d)(2), before the expiration of the one-year limitation period, and grounds for equitable tolling are not apparent from the face of his petition.

See Document 6 at 2-3.

At the behest of the undersigned, Hobbs filed a reply in which he addressed Turner's assertion of a mental impairment of sufficient degree and duration to warrant tolling the limitations period. Hobbs maintained in the reply that Turner failed to demonstrate a mental impairment of sufficient duration to warrant equitable tolling and, in addition, was not diligent in pursuing his rights.[2]

---

[2]

Hobbs specifically maintained the following:

> The applicable time frame in Turner's case is the period that begins on April 5, 2005, the date on which his conviction became final by conclusion of direct review, ... and ends April 6, 2006, the expiration of the one-year period in which he could have filed a timely petition. ... During that period, Turner was housed in the Special Program Unit ("SPU") of the Arkansas Department of Correction on two separate occasions totaling approximately eight months. [Footnote omitted]. ... An assault on a mental-health counselor brought about his first stay between March 15, 2005, and June 13, 2005, ... and he was forcibly medicated for psychosis in the SPU between January 20, 2006 and May 24, 2006. ... [Footnote omitted]. Hobbs respectfully asserts that Turner's cumulative eight-month stay in the SPU, even if it indicates a severe mental impairment, was not of sufficient duration to toll the one-year statute of limitations in 28 U.S.C. 2244(d)(1).
>
> Alternatively, Turner is not entitled to equitable tolling because he was not diligent in pursuing his rights after he was released from the SPU. Indeed, contrary to his claim in response to the motion to dismiss, he apparently was lucid well before he filed his federal habeas petition in January 2014. On May 26, 2006, Turner was transferred from the SPU to the East Arkansas Regional Maximum Security Unit, and, a month later, to the East Arkansas Regional Unit ("EARU"), where he remained in the general population for over four years, from June 27, 2006, until December 28, 2010. ... During that four-year period that he was in the EARU, Turner attended school, made two court appearances, and was assigned to work in building utility. ... On December 28, 2010, he was transferred to the maximum security unit, apparently for assaulting another inmate, and remained there, principally in administrative segregation, until he was transferred back to the EARU almost a year later, on November 23, 2011. ... Turner thereafter was transferred to and from the EARU and the maximum security unit for disciplinary violations including, most recently before he filed his federal habeas petition in January 2014, possession or introduction of firearms, possession or introduction of clothing, and purchasing unauthorized articles. ... In short, after his release from the SPU in 2006, Turner took no action on his case until 2013, when he filed a petition for state habeas corpus relief in the Circuit Court of Lee County and, shortly thereafter, filed his petition under [section] 2254. ...

See Document 18 at 4-5.

The undersigned has thoroughly reviewed the parties' submissions. For the reason that follows, the undersigned recommends that Turner's petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year period, only one of which is applicable in this instance. The date that triggered the commencement of the one year period in this instance was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A).[3]

---

[3]

The three other triggering dates codified in 28 U.S.C. 2244(d) have no application in this instance. First, 28 U.S.C. 2244(d)(1)(B) provides that the one year period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In order to take advantage of this triggering date, "a petitioner must show that the state created an impediment to the filing of his petition by action in violation of the Constitution or laws of the United States." See Earl v. Fabian, 556 F.3d 717, 726 (8th Cir. 2009) [citation and internal quotations omitted]. There is no evidence that the State of Arkansas created any kind of impediment to Turner's filing of a petition pursuant to 28 U.S.C. 2254.

Second, 28 U.S.C. 2244(d)(1)(C) provides that the one year period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The constitutional rights asserted by Turner were recognized by the United States Supreme Court well before the date of his conviction and/or the date on which the appellate court issued the mandate in his appeal.

Last, 28 U.S.C. 2244(d)(1)(D) provides that the one year period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim constitutes the "vital facts underlying [the] claim." See Earl v. Fabian, 556 F.3d at 725. Turner knew or should have known of the factual predicate of his claims

The state Court of Appeals issued the mandate in Turner's direct appeal on April 5, 2005. According him the ninety days during which he could have petitioned the United States Supreme Court for a writ of certiorari, see Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012) (review of state criminal conviction by Supreme Court considered part of direct review); King v. Hobbs, 666 F.3d 1132 (8th Cir. 2012), his convictions became final on or about July 5, 2005.[4] The one year period began on the following day, i.e., July 6, 2005, and he had up to, and including, on or about July 5, 2006, to file a timely petition pursuant to 28 U.S.C. 2254.

Turner did not file the petition at bar within the one year period between on or about July 6, 2005, and on or about July 5, 2006. Instead, he waited approximately seven and one-half years to file his petition, not doing so until January 30, 2014. Although 28 U.S.C. 2244(d)(2) provides that "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation ..." the provision has no application in this instance. Turner did not file his state petition for writ of habeas corpus until August 20, 2013, or approximately seven years after the one year period expired. The only real questions are whether he can show some reason for excusing his delay in filing his petition and, alternatively, whether the one year period was equitably tolled.

---

by no later than the date on which the appellate court issued the mandate in his appeal.

[4] Ninety days from April 5, 2005, appears to have been on or about July 4, 2005. Because July 4, 2005, was a federal holiday, the undersigned presumes that Turner would have been granted an additional day within which to file a petition for writ of certiorari.

Turner first maintains that his petition was not untimely because he filed it within one year of the United States Supreme Court decision in Trevino v. Thaler, a decision in which he maintains the Supreme Court first recognized "ineffective assistance of counsel at the post-conviction stage, or the lack of counsel at that stage, as an excuse for failing to file a timely petition ..." See Document 13 at 1-2. His construction of that decision is sadly mistaken. In Trevino v. Thaler, and the earlier decision of Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the Supreme Court held that "a federal habeas court may excuse a procedural default of a substantial ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." See Sasser v. Hobbs, 745 F.3d 896, 897 (8th Cir. 2014). Trevino v. Thaler has no application in this instance for the simple reason that it involves the question of procedural bar, not limitations as is the question at bar.

Turner alternatively maintains that a mental impairment prevented him from filing a timely petition. The one year period can be tolled, but he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) [citation and internal quotation omitted]. One such extraordinary circumstance is if he suffered from a mental impairment of sufficient degree and duration. See Williams v. Hobbs, 2013 WL 628338 (E.D.Ark. January 23, 2013) (Ray, J.) (Recommendation adopted at Williams v. Hobbs, 2013 WL 627239 (E.D.Ark. February 20, 2013)(Holmes, J.) [citing Nichols v. Dormire, 11 Fed.Appx. 633 (8th Cir. 2001)].

The record reflects that on two occasions, Turner was placed in the Arkansas Department of Correction's Special Program Unit ("SPU"). See Document 21, Exhibit D.[5] He was discharged from the SPU after his second stay on or about May 24, 2006, see Document 21, Exhibit F, and returned to general population on or about June 27, 2006, see Document 21, Exhibit D, where he remained for approximately four years. During that approximately four year period, he attended school, made two court appearances, and was assigned to work in building utility. See Document 21, Exhibit D. Beginning in late December of 2010, Turner was transferred more than once between the general population and administrative segregation, not because of his mental impairment but because of his inability to conform his conduct to the requirements of the institution. See Document 21, Exhibit D. On August 20, 2013, he filed a state petition for writ of habeas corpus, and on January 30, 2014, he filed the petition at bar.

For purposes of this Recommendation only, the undersigned finds that up to the day Turner was returned to the general population after his release from the SPU a second time, that being, on or about June 27, 2006, he had a mental impairment of such degree and duration that it prevented him from diligently pursuing his rights. The undersigned finds that the one year period was therefore equitably tolled up to on or about June 27, 2006. After that day, though, the undersigned finds that Turner's mental impairment abated to such a degree that he could have begun to diligently pursue his

---

[5] The website maintained by the Arkansas Department of Correction reflects that the SPU is a residential treatment facility for mentally ill inmates.

rights, and he had one year, or up to, and including, on or about June 26, 2007, to file a petition pursuant to 28 U.S.C. 2254. He did nothing in state or federal court for approximately the next six years. It was not until August 20, 2013, that he filed a state petition for writ of habeas corpus, and it was not until January 30, 2014, that he filed the petition at bar. Thus, even according him the most liberal of time frames, and applying equitable tolling, it is clear that he did not file a timely petition pursuant to 28 U.S.C. 2254.[6]

Thus, the undersigned finds that Turner filed the petition at bar after the expiration of the one year period. Because he has offered no reason for excusing his delay, nor offered a justification for tolling the one year period, his petition is barred by limitations and should be dismissed. The undersigned therefore recommends that his petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealabilty be denied.

DATED this ___25___ day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] It is worth noting that actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254, but the assertion of actual innocence must be supported by some newly discovered evidence. See McQuiggin v. Perkins, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). See also Williams v. Hobbs, 509 Fed.Appx. 558 (8th Cir. 2013). Turner has not come forward with any such evidence.